UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>v.<br><br>SEAWORLD OF FLORIDA, LLC, TONY MOORE, CRAIG THOMAS, and BRIAN MCFADDEN,<br><br>Respondents. | CIVIL ACTION<br><br>FILE NO.<br><br>6-12-mc-132-Orl-31TBS |

**PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS *AD TESTIFICANDUM* ISSUED BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**

To the United States District Court for the Middle District of Florida, Orlando Division:

## A. INTRODUCTION

Petitioner, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action to compel respondents, Tony Moore, Director of Environmental Safety and Health at SeaWorld of Florida, LLC ("SeaWorld"); Craig Thomas, supervisory Trainer at SeaWorld; and Brian McFadden, supervisory Trainer at SeaWorld to comply with administrative subpoenas *ad testificandum*. The subpoenas *ad testificandum* were issued and directed to SeaWorld supervisors Mr. Moore, Mr. Thomas, and Mr. McFadden by Cindy A. Coe, Regional Administrator, Occupational Safety and Health Administration ("OSHA"), United States Department of Labor. The subpoenas were issued in aid of an inspection and investigation pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq*. (the

"Act"), and the Occupational Safety and Health standards and regulations promulgated thereunder, 29 C.F.R. 1903, *et seq*.

As set forth below, the Respondents, through SeaWorld counsel, object to providing testimony regarding the abatement, or correction, of a particular violation for which OSHA cited SeaWorld in a prior inspection regarding the exposure of SeaWorld animal trainers to struck-by and drowning hazards when engaged in performances with the killer whales (other than the whale named "Tilikum") without adequate protection. The violation was affirmed by a final order of the Occupational Safety and Health Review Commission ("the Commission") in July of 2012. OSHA's present follow-up inspection properly includes investigation of whether SeaWorld has abated this, and other, violations. However, because SeaWorld has filed a petition with the Commission seeking additional time to abate the violation relating to whales other than Tilikum, SeaWorld erroneously maintains that the petition, which is pending for resolution and thus has not been granted to date, should restrict the scope of OSHA's follow-up inspection or inquiry into SeaWorld's efforts to abate the violation to date.

SeaWorld has provided no legal authority to support their objection, nor is there any such authority. Rather, pursuant to the Act, its implementing regulations, and case law, the pending PMA has no preclusive effect on OSHA's authority to conduct an inspection and gather information, including testimony, regarding abatement of the violation at issue in the PMA proceeding. OSHA properly has such authority to fulfill its statutory mandate to assure safe, healthful work environments for every worker. <u>See</u> 29 U.S.C. § 651(b).

## B. JURISDICTION

Jurisdiction to issue the order prayed for herein is conferred upon this court by 28 U.S.C. §1345 and Section 8(b) of the Act, 29 U.S.C. § 657(b) and 28 U.S.C. §§ 1331 and 1345.

## C. RESPONDENTS

SeaWorld of Florida, LLC, is a Florida Corporation with a principle place of business in Orlando, Florida, which is in the jurisdiction of this Court. Upon information and belief, SeaWorld transacts business in Orlando, Florida, which is in the jurisdiction of this Court. SeaWorld is an employer within the meaning of the Act.

Tony Moore is the Director of Environmental Safety and Health at SeaWorld in Orlando, Florida. Craig Thomas and Brian McFadden are supervisory Trainers at SeaWorld in Orlando, Florida.

## D. THE INSPECTION AT ISSUE

On October 9, 2012, OSHA initiated an inspection (Inspection No. 674958) of Respondent's work site at 6600 Sea Harbor Drive, Orlando, FL 32821 (the "work site"). The Secretary, pursuant to section 9(c) of the Act, 29 U.S.C § 658(c), has six months, until April 9, 2012 to complete and conclude her investigation and issue any citations and notifications of penalty for any alleged violations of the Act and occupational safety and health standards. (See Declaration of Lara Padgett, attached hereto as Exhibit "A")

The current inspection is a follow-up inspection regarding violations that OSHA identified during a prior inspection of the work site (Inspection No. 314336850), after which OSHA issued the following citation items to SeaWorld on August 23, 2010. (See citations attached hereto as Exhibit "B").

**Citation 1, Item 1**

29 CFR 1910.23(d)(l)(iii): Flight(s) of stairs with 4 or more risers, less than 44 inches wide and having both sides open were not equipped with one standard stair railing on each side:
Instance (a) Employees were exposed to a 1 0'3" fall hazard in that, a stairway railing system was not installed on the front side left bridge of the Believe stage in Shamu Stadium.
Instance (b) Employees were exposed to a 10'3" fall hazard in that, a stairway railing system was not installed on the front side right bridge of the Believe stage in Shamu Stadium

**Citation 2, Item 1**

Section 5(a)(l) of the Occupational Safety and Health Act of 1970: The employer *did* not furnish employment and a place of employment which were free from recognized hazards that were causing or likely to cause death or serious physical harm to employees in that:

Instance (a) At the Shamu Stadium pools, animal trainers working with Tilikum, a killer whale with known aggressive tendencies and who was involved. in the 1991 death of a whale trainer at a marine park in Vancouver, British Columbia, were exposed to struck-by and drowning hazards in that they were allowed unprotected contact with Tilikum while conducting "drywork" performances on pool ledges, slideouts and platforms, on or about 2/24/2010.

Among other methods, one feasible and acceptable means of abatement would be to not allow animal trainers to have any contact with Tilikum unless they are protected by a physical barrier.

Instance (b) At the Shamu Stadium pools, animal trainers working with killer whales other than Tilikum were exposed to struck-by and drowning hazards in that they were allowed to engage in "waterwork" and "drywork" performances with the killer whales without adequate protection, ·on or about 2/24/2010.

Among other methods, feasible and acceptable means of abatement would prohibit animal trainers from working with killer whales, including "waterwork" or "dry work", unless the trainers are protected through the use of physical barriers or through the use of decking systems, oxygen supply systems or other engineering or administrative controls that provide the same or a greater level of protection for the trainers.

After a hearing, the citation items were affirmed by Administrative Law Judge Ken S. Welsch by Decision dated June 11, 2011. (See Exhibit "C"). The Decision became a final order of the Occupational Safety and Health Review Commission on July 16, 2012.

SeaWorld filed an appeal of the final order of the Commission but has not sought a stay of the order. Pursuant to 29 C.F.R. 1903.19, SeaWorld had 10 days from the date of the final order, or until July 27, 2012, to abate[1] the violations that were cited on August 23, 2010. 29 C.F.R. 1903.19(b)(ii). Within 10 days after the abatement date, SeaWorld was required to submit to OSHA certification that each cited violation was abated. 29 C.F.R. 1903.19(c).

On August 6, 2012, OSHA received from SeaWorld a letter regarding "Abatement Certification," stating that Petitioner had achieved abatement to correct the hazards referenced in Citation 1, Item 1 and Citation 2, Item 1 instance (a). (See Exhibit "D"). SeaWorld did not identify any abatement that was implemented or achieved to correct the hazards referenced in Citation 2, Item 1 instance (b). On July 27, 2012, SeaWorld filed with the Occupational Safety and Health Review Commission a Petition for Modification of the Abatement Date ("PMA") for Citation 2, Item 1 instance (b). A hearing regarding the PMA is scheduled for January 15-17, 2013, before Commission ALJ Welsch.

### E. THE SUBPOENAS

On November 15, 2012, under the authority of Section 8(b) of the Act, 29 U.S.C. § 657(b), Cindy A. Coe, Regional Administrator, Region IV, Occupational Safety and Health Administration, issued subpoenas *ad testificandum* to SeaWorld managers and supervisors Tony Moore, Craig Thomas, and Brian McFadden, requiring them to appear at 1001 Executive Center

---

[1] Pursuant to 29 C.F.R. 1903.19(b), "abatement" means "action by an employer to comply with a cited standard or

Drive, #103 in Orlando, Florida 32803, on November 28 and 30, 2012, to answer questions regarding the facts associated with OSHA's follow-up inspection (No. 674958) of SeaWorld of Florida, LLC, and including any unsafe conditions observed by OSHA or brought to OSHA's attention during Inspection No. 674958.[2] (See Exhibits "E," "F," and "G"). On November 16, 2012, OSHA Compliance Safety and Health Officer Lara Padgett served the subpoenas *ad testificandum* to Mr. Moore, Mr. Thomas, and Mr. McFadden by leaving the subpoenas at the principal place of business of their employer, 9205 South Park Center Loop, Suite 400, Orland, Florida, which is identified as the principal corporate address of SeaWorld of Florida, LLC, by the Florida Department of State, Division of Corporations. (See Proof of service of the subpoenas included in Exhibits "E," "F," and "G").

By letter dated November 20, 2012, Respondents, by and through SeaWorld counsel, provided to OSHA their objections to compliance with the subpoenas *ad testificandum*. (See Exhibit "H"). Respondents object to providing any "testimony with regard to issues related to abatement of Citation 2, Item 1, instance (b)." Respondents claim that the abatement of the violations cited in Citation 2, Item 1, instance (b) are "part of" the PMA proceeding pending with Judge Welsch. (Id.). Respondents stated that, if the Secretary would agree to limit the scope of the testimony to exclude issues related to abatement of Citation 2, Item 1, instance (b), the Respondents would be available to provide testimony during a week in December at a mutually convenient location.

---

regulation or to eliminate a recognized hazard identified by OSHA during an inspection."

[2] OSHA also issued and served subpoenas to six non-supervisory employees of SeaWorld. The status of their refusal to provide testimony in compliance with the subpoenas is under investigation.

Counsel for the Secretary notified Respondents' counsel on November 21, 2012, that, while OSHA was agreeable to relocating the interviews to a mutually agreeable location and rescheduling them for mutually agreeable dates in December 2012, the pending PMA proceeding does not prevent a follow-up inspection that includes inquiry into abatement of hazards cited in the citations that issued in Inspection No. 314336850, including Citation 2, Item 1, instance (b). (See Exhibit "I"). Counsel for the Secretary advised that the filing of a petition to modify an abatement date has no preclusive effect on OSHA's authority to conduct an inspection, does not limit the scope of the inspection, and does not toll the currently effective abatement requirement, citing General Electric Company, 1 BNA OSHC 1766 (1974); Eagle Boats, Inc., 18 OSH Cas. (BNA) 2084 (2000). (Id.). Counsel for both parties also discussed the Respondents' objection by phone; Respondents maintain their objection to providing any testimony regarding facts related to abatement of the violation cited in Citation 2, Item 1, instance (b).

## F. LEGAL AUTHORITY FOR ENFORCEMENT OF THE SUBPOENAS

### 1. The testimony sought is related to the pending inspection.

Section 8(a) of the Act authorizes the Secretary to make inspections and investigations of establishments or areas where work is performed. 29 U.S.C. § 657(a). Section 8(b) of the Act authorizes the Secretary, in making inspections and investigations, to require the attendance of witnesses to provide statements under oath relating to the matter under investigation or in question. 29 U.S.C. § 657(b). Section 8(b) of the Act also authorizes the United States District Court, upon petition by the Secretary, to issue an order requiring a person, who has failed to

respond to the Secretary's subpoenas, to produce testimony relating to the matter under investigation or in question. Id.

"Generally, administrative subpoenas should be enforced if the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant in purpose." Reich v. Manganas, 70 F.3d 434, 437 (6th Cir. 1995) (affirming district court order enforcing administrative subpoena issued by OSHA). "The Secretary is *required* by the Act to petition the courts for the restraint of 'any conditions or practices in *any* place of employment which are such that a danger exists which could reasonably be expected to cause death or serious physical harm immediately or before the imminence of such danger can be eliminated through the enforcement procedures provided' by statute." Id. (citing 29 U.S.C. §662(d)) (emphasis in original).

As stated in the subpoenas, OSHA seeks the testimony of supervisors Moore, Thomas, and McFadden regarding facts associated with OSHA's follow-up inspection (Inspection No. 674958) of SeaWorld of Florida, LLC. OSHA's follow-up inspection concerns the present status of violations previously described in citation items that issued to SeaWorld on August 23, 2010 (as part of Inspection No. 314336850), including abatement of the violations. The violations include the conditions of stairways described in Citation 1, Item 1; the exposure of employees to struck-by and drowning hazards associated with performances with the killer whale "Tilikum" described in Citation 2, Item 1, instance (a); and the exposure of employees to struck-by and drowning hazards associated with performances with other killer whales described in Citation 2, Item 1, instance (b). OSHA may also seek information regarding unsafe conditions observed by OSHA or brought to OSHA's attention during the follow-up inspection. As set forth below,

Respondents' objection to providing any testimony regarding facts associated with Citation 2, Item 1, instance (b) because of the pending PMA is contrary to legal authority. The testimony sought by the Secretary is relevant to the ongoing inspection that OSHA began on October 9, 2012, and is necessary to complete this investigation.

All of the information sought by the subpoenas for testimony, including facts associated with Citation 2, Item 1, instance (b), is essential, relevant and appropriate for a determination by the Occupational Safety and Health Administration as to whether the employees of SeaWorld have been exposed to unsafe and unhealthy working conditions at the work site and whether the employer has violated the Act and the standards promulgated pursuant to the Act. The Secretary, pursuant to section 9(c) of the Act, 29 U.S.C § 658(c), has six months, until April 9, 2012 to complete and conclude her investigation and determine whether any citations and notifications of penalty should issue for any alleged violations of the Act and occupational safety and health standards. As a result of Respondents' failure to comply with the subpoenas *ad testificandum*, the Secretary has been hindered in the proper exercise of her lawful authority and responsibility to enforce and administer the Act.

**2. The separate PMA proceeding does not limit the scope of the pending inspection.**

Respondents' position that the pending PMA prevents full compliance with the subpoenas is not supported by any legal authority, and, in fact, is contrary to legal authority. The PMA seeks additional time to abate the violation cited in Citation 2, Item 1, instance (b). SeaWorld's objection suggests that seeking an extension of time for abatement should have a preclusive effect on OSHA's ability to seek information regarding the abatement of the violation

alleged in Citation 2, Item 1, instance (b). SeaWorld presents no authority to support its position. There is support, however, to the contrary, demonstrating that OSHA has authority to conduct inspections inquiring into the status of the abatement of prior violations, and also has authority to issue citations alleging failure to abate violations, during the pendency of a PMA.

"The requirement of abatement is not tolled pending the outcome of any necessary adjudicatory proceedings" to resolve a PMA docketed with the Commission. See Secretary v. Gilbert Manufacturing Co., Inc., 7 O.S.H. Cas. (BNA) 1611 at *3 (1979) (Commission); Denka Chemical Corp., 9 BNA OSHC 1376 (No. 80-6199-P, 1981) (the Commission cited Gilbert for the proposition that the "filing of a modification of an abatement date does not toll the currently effective abatement requirement"). Therefore, under the Act and its implementing regulations, SeaWorld was required to abate the violation alleged in Citation 2, Item 1, instance (b) by July 27, 2012 and to certify the abatement within 10 days after July 27th. SeaWorld's request to extend the time for abatement does not toll or suspend this abatement requirement. OSHA may conduct an inspection into the facts associated with the abatement of prior violations during the pendency of a PMA. See e.g., Eagle Boats, Inc., 18 BNA OSHC 2084 (No. 99-1638, 2000) (Commission ALJ decision denying PMA and noting that OSHA had started an inspection nine days after the employer submitted the PMA under consideration).

OSHA may also issue citations for failure to abate a prior violation while a PMA is pending. See General Electric Company, 1 BNA OSHC 1766 (Nos. 3675 & 7425, 1974). In General Electric Company, the Commission considered the possibility that the merits of a PMA may be under consideration concurrently with a proceeding for failure to abate the same hazards. Id. at 1767. The Commission noted that "[t]he Act contains no explicit prohibition against the

Secretary alleging a failure to abate certain items while a petition for modification of those same items is pending." Id.

In Manganas, the Sixth Circuit affirmed the district court's order enforcing an administrative subpoena issued by OSHA for the production of records that the employer was required to maintain. See 70 F.3d at 434. The district and circuit courts rejected the employer's contention that it was not required to comply with the subpoena while waiting for an administrative decision on earlier alleged violations of the Act, which tolled the time for the employer to take remedial corrective action for the prior violations until entry of a final order of the Commission. Id. The district court noted that OSHA had an "obligation and a duty and a statutory right to investigate conditions as they exist today," even if OSHA was statutorily precluded from requiring the company to provide additional information relating to the alleged prior violations while the Commission was considering the contested matter.[3] Id. at 436. The circuit court held that allowing the employer to ignore the subpoena would be "tantamount to granting OSHA-violators a freedom to ignore safety and health regulations that law-abiding companies are not permitted." Id. at 437. The result would be "disparate enforcement of applicable laws" that would "openly frustrate the stated purpose of OSHA legislation to assure safe, healthful work environments to '*every* working man and woman in the Nation.'" Id. (citing 29 U.S.C. § 651(b)) (emphasis in original).

Accordingly, OSHA may conduct an inspection into the ongoing conditions associated with the conditions, hazards, and violation alleged in Citation 2, Item 1, instance (b), including matters of abatement of the violation. SeaWorld has not articulated a valid basis for objecting to

the subpoenas for testimony merely because a PMA is pending. If the pending PMA, which has no legal effect on the abatement requirements under the statute and regulations, were to limit OSHA's authority to conduct inspections to assure the safety and health of workers, it would frustrate the stated purpose of OSHA legislation and result in disparate enforcement of applicable laws. See Manganas, supra.

Additionally, only SeaWorld's request for an extension is pending; an extension has not been granted. The hearing on the matter is scheduled for January 15-17, 2013, and it is unknown when the ALJ's decision regarding the PMA will issue. Before a decision will issue, parties in administrative positions before the Commission frequently file post-hearing briefs within a period of time after the hearing transcript is available. By conservative estimates, and even if the Judge and the parties expedite the PMA proceeding to facilitate the issuance of the decision, the PMA matter may not be resolved within the six-month period that ends on or about April 9, 2013, in which OSHA is required to complete the inspection and determine whether citations and notifications of penalty should issue. At the very least, waiting for resolution of the PMA will significantly hinder OSHA's ability to complete the inspection and determine whether any violative conditions exist for which citations and notifications of penalty should issue.

---

[3] Notably, here, a final order of the Commission affirming all prior violations has been entered in the prior contested matter.

WHEREFORE, Petitioner prays that this Court:

1. Enter an order requiring Respondents SeaWorld of Florida, LLC, Tony Moore, Craig Thomas, and Brian McFadden to show cause why they should not comply with and obey the administrative subpoenas *ad testificandum*.

2. Enter an order requiring Respondents SeaWorld of Florida, LLC, Tony Moore, Craig Thomas, and Brian McFadden to provide testimony as set forth in the administrative subpoenas *ad testificandum*.

3. Grant such other and further relief as may be just and proper.

This 12th day of December, 2012.

Respectfully submitted,

ADDRESS:

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5451
(404) 302-5438 (FAX)

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

CHRISTOPHER D. HELMS
Counsel

By:/s/Rolesia Butler Dancy
ANGELA F. DONALDSON
ROLESIA B. DANCY
Senior Trial Attorneys

Attorneys for the Secretary
of Labor, United States
Department of Labor.

## CERTIFICATE OF SERVICE

I certify that the foregoing Petition to Enforce Administrative Subpoenas *Ad Testificandum* Issued by the Occupational Safety and Health Administration was served this 12th day of December, 2012, by mailing true copies thereof, by first class U.S. Mail to:

Carla J. Gunnin, Esq.
Baker Donelson Bearman Caldwell
& Berkowitz, PC
Monarch Plaza
Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326

/s/Rolesia Butler Dancy
ROLESIA BUTLER DANCY
Senior Trial Attorney

SOL Case No. 12-12579