# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR**,

**Petitioner,**

-vs-                                          Case No.  6:13-cv-2-Orl-RBD-DAB

**SEA WORLD OF FLORIDA, LLC, TONY MOORE, CRAIG THOMAS, and BRIAN MCFADDEN,**

**Respondents.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following Petition filed herein:

> **MOTION:    PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS AD TESTIFICANDUM ISSUED BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION (Doc. No. 1)**
>
> **FILED:       December 13, 2012**
> _____
>
> **THEREON** it is **RECOMMENDED** that the relief sought be **GRANTED**.

As stated at argument and in the papers, Petitioner Hilda L. Solis, Secretary of Labor ("the Secretary") brings this action to compel respondents, Tony Moore, Director of Environmental Safety and Health at SeaWorld of Florida, LLC ("SeaWorld"); Craig Thomas, supervisory Trainer at SeaWorld; and Brian McFadden, supervisory Trainer at SeaWorld (collectively "Respondents"), to comply with administrative subpoenas issued by a Regional Administrator of the Occupational Safety and Health Administration ("OSHA") in aid of an inspection and investigation pursuant to the

Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq*. ("the Act"), and the Occupational Safety and Health standards and regulations promulgated thereunder. Respondents have objected to the scope of the subpoenas; contending that part of the information sought is the subject of an ongoing appeal before the Court of Appeals for the District of Columbia, and is also currently under separate review before an Administrative Law Judge as part of a Petition for Modification of Abatement Date, which was filed by SeaWorld earlier this year. As such, Respondents object to a portion of the subpoenas as being "redundant," "harassing and an abuse of process" (Doc. 11, p. 3).

**Background**

The relevant facts are not in dispute. In 2010, OSHA inspected the SeaWorld property and, on August 23, 2010, issued Citations and Notification of Penalty regarding the following: (1) Citation 1 Item 1 dealt with the railing configuration at the stage at Sea World's Shamu Stadium; (2) Citation 2 Item 1, Instance (a) addressed trainer contact with Tilikum[1] during show performances; (3) Citation 2, Item 1, Instance (b) dealt with interactions with killer whales other than Tilikum; and (4) Citation 3, Item 1 related to weather proof enclosures that were missing from electrical receptacles at Shamu Stadium (Doc. 1-1). SeaWorld contested the above Citations, and a hearing was held on the issues before an Administrative Law Judge ("ALJ") for the Occupational Safety and Health Review Commission ("OSHRC"). At the hearing, the Secretary withdrew Citation No. 3, which alleged an other than serious violation of 29 C. F. R. § 1910.305(j)(2)(v), for failing to enclose outdoor electrical receptacles (Doc. 1-2, p. 2). The remaining Citation items were affirmed by the ALJ's Decision dated June 11, 2011 (Doc. 1-2), and the Decision became a final Order of the OSHRC on July 16, 2012 ("the final Order"). SeaWorld filed an appeal of the final Order with the District of Columbia, United

---

[1] Tilikum is a killer whale.

States Court of Appeal (Doc. 11-1). No stay of the final Order was sought or imposed, and that appeal remains pending.

Pursuant to 29 C.F.R. 1903.19, SeaWorld had 10 days from the date of the final Order, or until July 27, 2012, to abate the violations that were cited on August 23, 2010. 29 C.F.R. 1903.19(b)(ii). Within 10 days after the abatement date, SeaWorld was required to submit to OSHA certification that each cited violation was abated. 29 C.F.R. 1903.19(c). According to the parties, SeaWorld certified that it had achieved abatement to correct the hazards referenced in Citation I, Item 1 and Citation 2, Item 1 instance (a), but SeaWorld has not identified any abatement that was implemented or achieved to correct the hazards referenced in Citation 2, Item 1 instance (b)–relating to interactions with killer whales other than Tilikum. Rather, on July 27, 2012, SeaWorld filed with the OSHRC a Petition for Modification of the Abatement Date ("PMA") for Citation 2, Item 1 instance (b). The PMA is currently pending before OSHRC.

On October 9, 2012, OSHA initiated another inspection (Inspection No. 674958) of Respondent's work site. According to Petitioner, this inspection is a follow-up inspection regarding violations that OSHA identified during the prior inspection of the work site, which resulted in the above Citations. As part of the inspection, on November 15, 2012, a Regional Administrator with OSHA issued the subject subpoenas to SeaWorld managers and supervisors Tony Moore, Craig Thomas, and Brian McFadden (Doc. 1-3). The subpoenas require Respondents to appear and testify "regarding facts associated with OSHA's follow-up inspection" and regarding unsafe conditions observed by OSHA or brought to OSHA's attention during the inspection. The subpoenas were duly served. *Id.*

Next, as the Secretary summarizes:

By letter dated November 20, 2012, Respondents, by and through SeaWorld counsel, provided to OSHA their objections to compliance with the subpoenas ad testificandum. (See Exhibit "H"). Respondents object to providing any "testimony with

-3-

> regard to issues related to abatement of Citation 2, Item 1, instance (b)." Respondents claim that the abatement of the violations cited in Citation 2, Item 1, instance (b) are "part of" the PMA proceeding pending with Judge Welsch. (*Id.*). Respondents stated that, if the Secretary would agree to limit the scope of the testimony to exclude issues related to abatement of Citation 2, Item 1, instance (b), the Respondents would be available to provide testimony during a week in December at a mutually convenient location.

(Doc. 1, p. 6). In response, counsel for the Secretary advised SeaWorld counsel of its position that the pending PMA proceeding did not prevent a follow-up inspection that includes inquiry into abatement of hazards cited in the Citations, and that the filing of a petition to modify an abatement date has no preclusive effect on OSHA's authority to conduct an inspection, does not limit the scope of the inspection, and does not toll the currently effective abatement requirement. Although counsel conferred in an attempt to resolve the objection, the discussions were unsuccessful and the instant Petition was filed.

The Court has heard argument,[2] reviewed the papers and the applicable law, and the matter is ripe for resolution. For the foregoing reasons, it is **respectfully recommended** that the Petition be granted.

**Analysis**

As framed by the parties, the issue is whether the pendency of a PMA proceeding and/or the pendency of an appeal of the final Order serves to excuse timely and full compliance with the instant subpoenas. In the opinion of this Court, it does not.

*Standard for enforcement of administrative subpoenas*

As noted previously, in a similar context:

Subject to recognized privileges, a federal agency's administrative subpoena should be enforced if (a) the investigation and the issuance of the subpoena are within the authority of the agency, (b) the demands sought are reasonably related to the inquiry, and (c) the demands are not unduly burdensome or unreasonably broad. *United States*

---

[2] At the request of the parties, oral argument was rescheduled to accommodate extended settlement discussions.

> *v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 368–369, 94 L.Ed. 401 (1950); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208–209, 66 S.Ct. 494, 505–506, 90 L.Ed. 614 (1946); *Endicott v. Perkins*, 317 U.S. 501, 509, 63 S.Ct. 339, 343, 87 L.Ed. 424 (1943). As a general rule, an administrative subpoena should be enforced if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant. *United States v. Florida Azalea Specialists*, 19 F.3d 620, 623 (11th Cir.1994) (*citing Federal Election Commission v. Florida for Kennedy Committee*, 681 F.2d 1281, 1284 (11th Cir.1982)).
>
> The standard of relevance in a subpoena enforcement proceeding is that the materials sought "be reasonably relevant" to the agency's inquiry, *United States v. Morton Salt Co., supra,* 338 U.S. at 652, 70 S.Ct. at 369. "So long as the agency makes a 'plausible' argument in support of its assertion of jurisdiction, a district court must enforce the subpoena if the information sought there is not 'plainly incompetent or irrelevant to any lawful purpose' of the agency." *EEOC v. Kloster Cruise Ltd.,* 939 F.2d 920, 922 (11th Cir.1991) [citations omitted].

*United States v. Lockheed Martin Corp.*, 995 F.Supp. 1460, 1462-1463 (M.D. Fla.1998). Applied here, the instant subpoenas comply with this standard.

There is no dispute that the subpoenas were issued within the authority of the Department. Pursuant to law, the Secretary has been granted authority to inspect and investigate, and

> In making his inspections and investigations under this chapter the Secretary may require the attendance and testimony of witnesses and the production of evidence under oath. Witnesses shall be paid the same fees and mileage that are paid witnesses in the courts of the United States. In case of a contumacy, failure, or refusal of any person to obey such an order, any district court of the United States or the United States courts of any territory or possession, within the jurisdiction of which such person is found, or resides or transacts business, upon the application by the Secretary, shall have jurisdiction to issue to such person an order requiring such person to appear to produce evidence if, as, and when so ordered, and to give testimony relating to the matter under investigation or in question, and any failure to obey such order of the court may be punished by said court as a contempt thereof.

29 U.S.C.A. § 657(b). Petitioner has also made a sufficient showing that the subpoenas are reasonably relevant to its inquiry regarding the present status of violations previously described in citation items that issued to SeaWorld on August 23, 2010, including abatement of the violations, as well as any other unsafe conditions observed during the follow-up inspection. The only real dispute is whether the subpoenas, to the extent they seek testimony with regard to issues related to abatement

-5-

of Citation 2, Item 1, instance (b) – facts associated with the interactions with killer whales other than Tilikum – are unduly burdensome or unreasonable broad.

*The Scope of the Subpoenas*

Respondents contend that the petition should be denied as the Secretary has no good faith basis to proceed with the interviews. Respondents assert that they were already questioned via deposition in the PMA proceeding and testimony on this subject is thus redundant and harassing. In support of this contention, Respondents cite, *inter alia, McLaughlin v. Trinity Indus., Inc.*, No. 88-201-CIV-J-16, 1988 WL 391531, *1 (M.D. Fla. July 27, 1998), noting:

> In *McLaughlin*, the court found that OSHA's inspection bordered on abuse where defendants presented employees' affidavit statements that they did not wish to be interviewed and that they had not been working for the employer for sufficient time to provide inspectors with useful information. There was also evidence there that OSHA had been provided ample opportunity to gather information it needed as part of its investigation.

(Doc. 11 at p. 11). In the context of the ongoing parallel proceedings, Respondents contend that the Secretary has had ample opportunity to discover all relevant facts already and conclude that the discovery sought by these subpoenas is therefore unduly burdensome.

While it is true that some discovery has occurred in the PMA proceeding, the focus of a PMA proceeding is not the same as the instant investigation. "If an employer has made a good faith attempt to abate by the date specified in the order but has not been able to complete abatement because of factors beyond its reasonable control, it may petition for modification of the abatement date. Upon receipt of such a petition the Commission, after affording the parties an opportunity for a hearing, may modify the abatement date." *Secretary of Labor v. Gilbert Manufacturing Co., Inc*., No. 76-4719, 1979 WL 8482, *2 -3 (O.S.H.R.C. Aug. 10, 1979) (internal footnotes omitted). Thus, the PMA proceeding is directed solely to the abatement required by the final Order, which, in this case, dealt with conditions cited on August 23, 2010, and the issue in the PMA proceeding is whether SeaWorld

could have abated those violations by the required date. The instant Inspection, by contrast, is directed to conditions observed on October 9, 2012. At issue in these subpoenas is whether the conditions observed pursuant to the *current* inspection are violations. As such, the purpose of the Investigation and the purpose of the PMA proceeding differ and the information sought in the instant subpoenas is not redundant.

Moreover, the Court does not find the subpoenas to present an undue burden on Respondents. Although Respondents rely on some dicta in *McLaughlin*, the holding in the case supports Petitioner. While Judge Moore did, indeed, find that the inspection at issue there "border[ed] on abuse," he nonetheless *granted* enforcement of the subpoenas, noting "the purpose and policy behind the Act in ensuring safe and healthful working conditions for all employees." *McLaughlin v. Trinity Industries, Inc*., 1988 WL 391531, \*2. This Court, too, is mindful of the stated goal of the Act and balances that purpose against the showing of burden made by Respondents.

Although the papers raise other contentions,[3] the heart of Respondents' argument appears to be their contention that enforcement of the subpoenas "would render the PMA process a nullity." The pendency of a PMA does not serve as a self-executing stay of the final Order. Indeed, the cases hold just the opposite. As noted by the Secretary, "[t]he requirement of abatement is not tolled pending the outcome of any necessary adjudicatory proceedings." *Gilbert, supra, see also Denka Chemical Corp. v. Secretary of Labor,* No. 80-6199-P,1981 WL 18830, \*3 (O.S.H.R.C. Feb. 27, 1981) ("the filing of a petition for modification of an abatement date does not toll the currently effective abatement requirement"). Were it otherwise, the goal of expeditions abatement of safety issues would

---

[3]Respondents assert that there is no basis for the discovery if sought pursuant to the "Imminent Danger" provision of 29 U.S.C. § 662(a). At hearing, however, Petitioner affirmed that the inspection at issue was not an imminent danger inspection. Petitioner also challenged the assertions that the discovery was burdensome or harassing, noting that the subpoenas seek only two hours of morning depositions, so as not to unduly interfere with the workday.

be compromised considerably, and the abatement deadline would become no more than a suggestion.[4] While the parties may well settle their differences or the matters may otherwise become moot due to a subsequent decision by the appellate court or the Commission, for present purposes, the Court looks to the applicable standard and finds no grounds to sustain the objections raised by Respondents.

**Conclusion**

"It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency." *E.E.O.C. v. Kloster Cruise Ltd.,* 939 F.2d 920, 922 (11th Cir.1991) (citations omitted). Upon review here, the Court finds Petitioner has met her burden, and it is therefore **recommended** that the Petition be **granted,** to the extent it seeks an Order to compel the testimony set forth in the subpoenas at issue.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[4] Respondents' contention appears to be based on an incorrect assumption that the enforcement arm is the same as the adjudicatory arm. However, as Commissioner Cleary acknowledged in another case cited by the Secretary: "The fact that there has been a reinspection and proposed additional penalties in this case demonstrates the wisdom of the Congressional intent . . . to separate the enforcement functions vested in the Labor Department from the adjudicatory functions vested in the Commission." *Sec. of Labor v. Gen. Elec. Co.*, Nos. 3675 & 7425, 1974 WL 4325 (O.S.H.R.C. Aug. 16, 1974) (noting that "[t]he Act contains no explicit prohibition against the Secretary alleging a failure to abate certain items while a petition for modification of abatement of those same items is pending.").