**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HILDA L. SOLIS, SECRETARY OF
LABOR, UNITED STATES
DEPARTMENT OF LABOR,

        Petitioner,

vs.                                      Case No. 6:13-cv-2-Orl-37DAB

SEA WORLD OF FLORIDA, LLC;
TONY MOORE; CRAIG THOMAS; and
BRIAN MCFADDEN,

        Respondents.

**ORDER**

This cause is before the Court on the following:

1. Petition to Enforce Administrative Subpoenas *Ad Testificandum* Issued by the Occupational Safety and Health Administration (Doc. 1), filed December 13, 2012;

2. Respondents' Opposition to Petition to Enforce Administrative Subpoenas *Ad Testificandum* Issued by the Occupational Safety and Health Administration and Motion to Quash Subpoenas (Doc. 11), filed December 28, 2012;

3. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 25), filed March 14, 2013; and

4. Respondents' Objections to Magistrate Baker's Report and Recommendation Issued March 13, 2013 [sic] (Doc. 28), filed March 27, 2013.

Upon consideration, the Court hereby adopts Magistrate Judge Baker's Report and Recommendation and grants the relief sought by Petitioner.

## BACKGROUND

On August 23, 2010, the Occupational Safety and Health Administration ("OSHA") issued several citations to Respondent Sea World of Florida, LLC ("Sea World") based on violations at its premises. (Doc. 1-1.) At a hearing before an Occupational Safety and Health Review Commission ("OSHRC") administrative law judge ("ALJ"), Petitioner withdrew one citation. (Doc. 1-2.) The ALJ affirmed the other citations, which encompassed three violations: (1) a lack of railing on stairways; (2) unprotected trainer contact with an aggressive killer whale named Tilikum; and (3) inadequately protected trainer contact with killer whales other than Tilikum. (Doc. 1-1; Doc. 1-2, p. 47.) On July 16 2012, the ALJ's decision became final. (Doc. 11-2, p. 3.) The decision required Sea World to abate the violations by July 27, 2012. (*See* Doc. 11-2, p. 4; Doc. 26, p. 8; 29 C.F.R. ¶ 1903.19(b)(ii).)

On that date, Sea World filed a Petition for Modification of Abatement Date ("PMA"). (Doc. 11-2.) In the PMA, Sea World stated that it had abated two of the violations, but that it needed more time to correct the violation involving whales other than Tilikum. (*Id.* ¶¶ 5–6.) On October 10, 2012, Sea World separately appealed to the U.S. Court of Appeals for the District of Columbia Circuit the ALJ's decision affirming the three violations. (Doc. 11-1, p. 2.) Both the PMA proceeding and the appeal are pending.

OSHA subsequently initiated a follow-up inspection of Sea World's premises. (Doc. 1-1, p. 2, ¶ 3.) As part of this reinspection, OSHA issued administrative subpoenas to three Sea World employees: Tony Moore, Craig Thomas, and Brian

McFadden (collectively with Sea World, "Respondents"). (*Id.* at 3, ¶ 5; Doc. 1-3, pp. 4–11.)

Respondents agreed to respond to the subpoenas as long as testimony "which is the subject of the pending PMA" would not be discussed.[1] (Doc. 1-3, p. 13.) Petitioner responded that the PMA has "no preclusive effect on OSHA's authority to conduct an inspection, does not limit the scope of the inspection, and does not toll the currently effective abatement requirement." (Doc. 1-3, p. 16.)

On December 13, 2012, Petitioner moved this Court to enforce the administrative subpoenas. (Doc. 1.) Respondents opposed. (Doc. 11.) Magistrate Judge David A. Baker held a hearing on this matter. (Docs. 24, 26.) On March 14, 2013, he recommended that the administrative subpoenas be enforced, finding that: (1) the pendency of the PMA proceeding[2] does not preclude the follow-up inspection or the enforcement of the subpoenas; and (2) OSHA's demands were within the authority of the agency, reasonably related to the follow-up inspection, and not unduly burdensome. (Doc. 25.) Respondents objected. (Doc. 28.)

## STANDARDS

When a party objects to the magistrate judge's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's Report and Recommendation. *Ernest S. ex rel.*

---

[1] Respondents also requested that a Sea World representative be present. (Doc. 1-3, p. 13.)

[2] The parties' briefing centers on the significance of the pendency of the PMA proceeding, not the pendency of the appeal before the D.C. Circuit.

3

*Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Respondents object to Magistrate Judge Baker's Report and Recommendation, arguing that "allowing OSHA unfettered discretion to 'follow-up' on abatement that is not yet determined would deprive the ALJ and OSHRC of the ability to determine [matters related to the PMA proceeding]" and that "'follow-up' prior to the determination of the PMA is premature." (Doc. 28, ¶ 11.) Specifically, Respondents object to providing information regarding the method and timing of abatement of the violation involving killer whales other than Tilikum, as they contend that these issues are implicated in the pending PMA proceeding. (*Id.*)

While the particular procedural posture of the subject petition appears to be novel, authority supports the proposition that the pendency of a PMA does not negate a required abatement; rather, an employer must comply with the original abatement deadline even if it has filed a PMA. In *Denka Chemical Corp.*, OSHRC reviewed an ALJ's finding that an employer's PMA was mooted by a requested new abatement deadline which had already passed by the time the ALJ issued his decision. 9 BNA OSHC 1376, 1981 WL 18830, at *2 (No. 80-6199-P, 1981). The ALJ had stated that "the filing of [a PMA] automatically extends the abatement date." (*Id.* (internal quotation marks omitted).) The Commission set aside the ALJ's ruling and remanded, stating:

> [T]he filing of a petition for modification of an abatement date does not toll the currently effective abatement requirement. Accordingly, [the employer] was required to complete abatement by [the original abatement deadline] despite its request for an extension of the abatement period. If the Commission should determine that the request was unjustified, the

>company would receive a notification of failure to abate or a citation for repeated violation based on the period from [the original abatement deadline] to the time of abatement.

*Id.* at *3 (citing *Gilbert Mfg. Co.*, 7 BNA OSHC 1611, 1979 WL 8482, at *4 (No. 76-4719, 1979) ("It would be unreasonable to permit an employer to delay beginning abatement until there is a final determination of the total length of time needed to abate. Instead, the employer should be required to proceed expeditiously to abate while the question of the ultimate abatement date is being adjudicated.")); *see also* Occupational Safety & Health L. § 13:9 (2013) (recognizing that reinspection during the pendency of a PMA is rare even though "the filing of a PMA does not toll the abatement date," but suggesting that reinspection should be performed when a PMA has been filed in bad faith). Thus, it is clear that a pending PMA does not absolve an employer of its continuing obligation to abate by the original abatement deadline. In the Court's view, it logically follows that OSHA must be allowed to perform a follow-up inspection as to the status of the abatement during the pendency of the PMA proceeding.

The Occupational Health and Safety Act's ("OSH Act") purpose supports this conclusion. The OSH Act was enacted "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources." 29 U.S.C. § 651(b). To allow an employer to continue to expose employees to unsafe and unhealthful working conditions while it idly waits for adjudication of a PMA (a process which has already taken more than eight months in the instant case) would undermine the protective purpose of the Act. To give effect to the OSH Act, this Court finds that an employer who has not been able to timely abate an issue may file a PMA explaining why it needs more time, but it is still obligated to work toward abatement during the pendency of the PMA proceeding. Accordingly,

OSHA may reinspect the premises—and issue administrative subpoenas as part of the reinspection process—to ensure abatement.

As such, Respondents' Objections are not well-taken. Enforcement of the administrative subpoenas does not infringe on the ALJ's authority to rule on the PMA, though the ALJ's ultimate decision may moot OSHA's follow-up inspection. Nevertheless, Sea World currently has a duty to abate in accordance with the original abatement deadline, and OSHA may act to enforce the required abatement.[3]

Given the limited authority available, the absence of any contrary authority, and the OSH Act's purpose, the Court finds that the pendency of the PMA does not preclude Petitioner from subpoenaing Respondents on issues related to the PMA proceeding. Thus, upon consideration of Respondents' Objections and after de novo review of those portions of the report to which objection was made, the Court hereby overrules Respondents' Objections, adopts Magistrate Judge Baker's Report and Recommendation, and grants the relief requested by Petitioner.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Respondents' Objections to Magistrate Baker's Report and Recommendation Issued March 13, 2013 [sic] (Doc. 28) are **OVERRULED**.

---

[3] Respondents also take issue with Magistrate Judge Baker's statement that "[a]t issue in these subpoenas is whether the conditions observed pursuant to the *current* inspections are violations." (Doc. 25, p. 7.) Respondents misconstrue this statement as suggesting that the purpose of the follow-up inspection is to determine whether there are new violations. (Doc. 28, p. 3.) However, the purpose of the follow-up inspection is not to find new violations, but to determine if the old ones still exist. *See* OSHA's Field Operations Manual 23 (2009); *Greatwestern Roofing & Sheet Metal, Inc.*, 1 BNA OSHC 3031, 1973 WL 4000, at *2–3 (No. 1539, 1973) (ALJ). OSHA must observe the current conditions to make this determination. Therefore, this argument is inapposite.

2. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 25) is **ADOPTED AND CONFIRMED** and made a part of this Order.

3. Petition to Enforce Administrative Subpoenas *Ad Testificandum* Issued by the Occupational Safety and Health Administration (Doc. 1) is **GRANTED**.

4. Respondents are **DIRECTED** to fully submit to the administrative subpoenas, including responding to issues implicated by the PMA proceeding.

5. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 4, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Honorable David A. Baker